NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT RITCHIE, | No. 22-55395 |
| Plaintiff-Appellant, | D.C. No. 8:20-cv-00984-PVC |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Pedro V. Castillo, Magistrate Judge, Presiding

Submitted January 13, 2023[**]
Pasadena, California

Before: WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Robert Ritchie appeals the district court's order affirming the denial of his

application for disability insurance benefits under Title II of the Social Security

Act. Ritchie argues that the Administrative Law Judge ("ALJ") improperly

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discounted his testimony about the severity of his symptoms and the opinion of his treating physician. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We affirm the ALJ's decision to discredit Ritchie's testimony about the severity of his symptoms because the ALJ's reasons for doing so were "specific, clear and convincing." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)).

First, as the ALJ recognized, the record contains numerous medical appointments in which Ritchie denied having headaches—a fact that is inconsistent with Ritchie's allegations of continuous, severe headaches. Ritchie argues that such denials are not inconsistent with his testimony because he would not bring up his headaches when seeing a provider for a condition other than his headaches. But that cannot explain away all the denials in the record. For example, Richie denied having headaches or any difficulty concentrating at a visit for an "annual wellness exam" in November 2015. Ritchie also denied having headaches at appointments for ailments seemingly related to headaches, such as vision problems.

Ritchie next argues that any inconsistences between his testimony and the medical evidence occurred before May 2016, and that the ALJ consequently erred in declining to find that he had a disability after that point. But that argument is undermined by Ritchie's continued denial of headaches at medical appointments

2

after 2016. That evidence also distinguishes this case from *Smith v. Kijakazi*, 14 F.4th 1108 (9th Cir. 2021), in which we remanded for the ALJ to consider whether the claimant was disabled for only part of the relevant period. In *Smith*, the record indicated that the severity of the claimant's symptoms changed over time, yet the ALJ had nevertheless discredited the claimant's testimony based on the conclusion that the claimant's statements about lack of symptoms during one period conflicted with the medical evidence and claimed symptoms from another period. *Id.* at 1112-13. The same cannot be said of the ALJ's assessment of the record here, given that Ritchie disclaimed headaches both before and after May 2016, which is when he now argues his headaches worsened.

The ALJ's second reason for discounting Ritchie's testimony, that "the medical evidence record shows many normal and mild" clinical exam findings, is also amply supported by the record. Medical evidence in the record contains normal neurological findings, including that Ritchie was "alert and oriented" with good comprehension and recall. Those records undermine Ritchie's testimony that he has problems concentrating, is "very forgetful," and can't "get . . . words out correctly."

2. The ALJ permissibly afforded the opinion of Ritchie's treating physician, Dr. DeNicola, "little weight." Dr. DeNicola opined that Ritchie would require hourly, twenty-minute breaks at work. That opinion is inconsistent with the

3

opinions of three consulting physicians (one examining and two non-examining), two of whom opined that Ritchie could sit, stand, and walk for six hours out of an eight-hour workday with "normal breaks," and the third of whom opined that Ritchie could sit, stand, and walk for four hours at one time without interruption. Because those doctors contradicted Dr. DeNicola's opinion, the ALJ was permitted to discredit Dr. DeNicola's opinion for "specific and legitimate reasons that are supported by substantial evidence." *Trevizo*, 871 F.3d at 675 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)).

The ALJ discredited DeNicola's opinion because it was "not consistent with the medical evidence record as a whole." That determination was supported by substantial evidence. Dr. DeNicola opined that Ritchie's symptoms included "dizz[iness]" and that he had a "poor gait." Those opinions are inconsistent with the record, which contains many treatment records describing Ritchie's gait as "normal" and denying dizziness. Considering those inconsistencies, the ALJ was justified in discrediting the remainder of Dr. DeNicola's opinion, including his discussion of the severity of Ritchie's headaches and required limitations.

Ritchie argues that the ALJ's decision to reject Dr. DeNicola's opinion was improper for the additional reason that the ALJ failed to explicitly consider the nature and extent of the treating relationship between Dr. DeNicola and Ritchie. But the ALJ did consider that factor, noting that Dr. DeNicola formed his opinion

4

"after treating Mr. Ritchie for seven (7) years."

3. Ritchie argues that the case must be remanded for consideration of two letters from one of Ritchie's doctors from the summer of 2019 that were presented to the Appeals Council but were not presented to the ALJ. The Appeals Council declined to consider the letters because it concluded that they "d[id] not relate to the period at issue."[1] That is incorrect; one of the letters speaks to the intensity of Ritchie's symptoms prior to October 2018. Still, the Appeals Council was not required to consider the new evidence, because there is not a "reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5).

**AFFIRMED.**

---

[1] The relevant period is May 24, 2014 through December 31, 2018.